**FILED**
**FEBRUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COLBORNE CORPORATION, | ) | |
|             Claimant, | ) | |
| and | ) | No. |
| BOULDER PARTNERSHP, LLC, KENNETH MAJOR and MICHAEL WEINSTEIN, | ) | **08 C 977** |
|             Respondents. | ) | **JUDGE NORGLE**<br>**MAGISTRATE JUDGE NOLAN** |

### PETITION FOR CONFIRMATION OF FINAL ARBITRATION AWARD

Petitioner, Colborne Corporation ("Colborne"), by its attorneys, Gordon & Karr LLP, petitions this Court pursuant to Sections 6 and 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9, for the entry of an order confirming the arbitration award entered in its favor on December 20, 2007, and clarified on January 29, 2008, and to enter judgment on that award. In support of this petition, Colborne states as follows:

### PARTIES

1. Petitioner Colborne is a corporation doing business in Illinois.

2. Respondent Boulder Partnership, LLC ("BP") is a Colorado limited liability company with its principal place of business in Colorado.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

1

4. Venue in this Court is proper pursuant to 9 U.S.C. § 9, because the arbitration awards were made in Chicago, Illinois, which is within this judicial district.

## BACKGROUND

5. The subject matter of the underlying arbitration concerns Colborne's claims for damages arising from a "Relationship Document", a copy of which is attached as Exhibit A.

6. The Relationship Document contains a provision stating that "Colborne and BP agree to use and abide by decisions of an independent arbitrator to resolve any dispute".

7. Colborne and BP agreed to submit their dispute to JAMS/End Dispute ("JAMS").

8. Colborne submitted its demand for arbitration with BP to JAMS, and thereafter BP submitted its counterclaim.

9. Thereafter, the parties selected the Honorable Richard E. Neville (Ret.) to arbitrate their dispute. (*Id.* at ¶ 8)

10. A multi-day evidentiary hearing on the merits of the parties' dispute was held before Judge Neville beginning May 29, 2007 and ending August 15, 2007. During the hearing, Judge Neville heard extensive testimony and admitted well over 100 exhibits into evidence. The hearing took place in Chicago, Illinois.

11. On December 20, 2007, after receiving and considering post-hearing submissions from both parties, Judge Neville issued an Arbitration Award (December 20, 2007). (*Id.* at ¶ 10)

12.   In his December 20, 2007 Award (Exhibit B), Judge Neville found that BP had breached its agreement with Colborne, and he awarded Colborne damages in the amount of $255,202.00.  (Ex. B, p. 17)  Judge Neville also found in favor of Colborne on BP's counterclaim.

13.   On January 29, 2008, Judge Neville issued his clarification of the final award.  (Ex. C)

14.   With respect to enforcement of arbitration awards, JAMS Comprehensive Arbitration Rule 25 states:

> Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* or applicable state law.

15.   Section 9 of the FAA provides for judicial confirmation of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such an award was made.

16.   Because the Relationship Document does not specify a court for the entry of a judgment on the award, an application for judgment is made in this Court because the award was made in the Northern District of Illinois.

4

**WHEREFORE**, Colborne Corporation respectfully requests that this Court enter an order and judgment confirming the December 20, 2007 and January 29, 2008 Arbitration Awards.

                    Respectfully submitted,
                    Colborne Corporation,

                    By:   s/ Stuart D. Gordon
                           One of its Attorneys

Stuart D. Gordon
Gordon & Karr LLP
150 North Wacker Drive
Suite 1650
Chicago, Illinois 60606
(312) 377-4450