|  |  |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. 1340005020 |
| COLBORNE CORPORATION, ) | |
| ) | |
| Claimant, ) | |
| ) | HON. RICHARD E. NEVILLE (Ret.) |
| and ) | **JUDGE NORGLE** |
| ) | **MAGISTRATE JUDGE NOLAN** |
| BOULDER PARTNERSHIP, LLC. ) | |
| ) | CLARIFICATION OF FINAL |
| Respondent. ) | AWARD |
| ) | |

TO:  Mr. Stuart D. Gordon, Esq.         Mr. Glenn A. Fischer, Esq.
     Mr. John C. Eggert, Esq.            Mr. Panos T. Topalis
     Gordon & Karr, LLP                  Tribler Orpett & Meyer, P.C.
     150 N. Wacker Dr.                   225 W. Washington St.
     Ste. 1650                           Suite 300
     Chicago, IL 60606                   Chicago, IL 60606

*Attorneys for Colborne Corporation*         *Attorneys for Boulder Partnership, LLC*

## CLARIFICATION OF FINAL AWARD

Colborne Corporation filed a motion for Clarification of the Final Award which was published on December 20, 2007. Boulder Partnership filed a response which in part moved for dismissal of the motion for Clarification on the grounds that it was untimely filed and not a specific relief that was available under the Illinois Uniform Arbitration Act and the Federal Arbitration Act.

The motion for Clarification is timely filed and there is no prohibition for a party who seeks to determine if the Arbitrator either intentionally or through neglect did not address an issue of importance in the litigation.

In this case the Award was written as intended by the Arbitrator after analysis of the issues that dealt with the proper party to be responsible for the payment of the Award.



EXHIBIT C

### As to the Weston Project.

All the payments that were made by Colborne for this project were made while the contract was in full force and effect. There was no proof presented that Michael Weinstein contracted for the engineering services privately or for his benefit only. Mr. Weinstein was in fact working on a Colborne project and there was no information presented that the intention of the parties was for this arrangement to be outside the existing contract between the Corporations. The Award was intended to be against Boulder Partnership LLC based on the Corporate rights and responsibilities of the parties under the contract.

### As to Pepperidge Farm:

While the Arbitrator's finding was that the contract was terminated between the parties in August by Boulder Partnership, the parties did decide to continue to do some business with each other and to discuss future opportunities. Mr. Major told Rick Hoskins IV that he would assist in the Pepperidge Project as part of Boulder's unique abilities in this marketplace. There was even some discussion of re-engaging under a different economic arrangement and perhaps for both companies to profit if the project were to be accepted by Pepperidge. When Mr. Major sent a competing proposal to Pepperidge he did so as Boulder Partnership not as Ken Major individually. In addition, his conduct, while reprehensible was for the benefit of Boulder Partnership not himself individually.

The relationship document was still in force for the Pepperidge Farm proposal as it was within six months of the termination date and as such still a corporate proposal by Boulder on behalf of Colborne.

Boulder's response to this motion for Clarification also points out that there was no evidence that Boulder Partnership was not an ongoing business or that it did not comply with the necessary corporate formalities. In addition, there was no evidence presented that the corporate structure was in place merely to perpetrate a fraud or other bad conduct.

The Arbitrator confirms that the Award for Colborne Corporation is against Boulder Partnership, LLC and not against Mr. Major nor against Mr. Weinstein, individually. The evidence presented was that they have a Corporate Structure under which they conducted their business with Colborne Corporation.

DATED: January 29, 2008

*[signature]*
Hon. Richard E. Neville (Ret.)